## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| **STEVEN IVAN TAGLE SANCHEZ,** | **Case No. 26–cv–05631–ESK** |
| **Petitioner,** | |
| **v.** | **OPINION AND ORDER** |
| **LUIS SOTO, *et al.*,** | |
| **Respondents.** | |

    **THIS MATTER** is before the Court on petitioner Steven Ivan Tagle Sanchez's second petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Second Petition).   (ECF No. 1.)

    1.    Petitioner is a citizen of Peru.   (ECF No. 1 p. 2.)   He entered the United States in 2022.   (*Id.*)

    2.    The Department of Homeland Security (Department) arrested petitioner in December 2025 and detained him in Delaney Hall Detention Facility.   (*Id.* p. 2.)

    3.    Petitioner filed his first habeas petition (First Petition) on December 27, 2025.   *Tagle Sanchez v. Soto*, No. 25–cv–19000 (D.N.J. filed Dec. 27, 2025). On January 8, 2026, I concluded that petitioner was illegally detained pursuant to 28 U.S.C. §1225 because he was apprehended inside the United States after residing here for an extended period.  (First Petition, ECF No. 5 (citing *Bethancourt Soto v. Soto*, 807 F. Supp. 3d 397 (D.N.J. 2025).)   I ordered respondents to treat petitioner as being detained pursuant to 8 U.S.C. §1226 and provide him with a bond hearing.   (*Id.*)

    4.    A bond hearing was conducted on January 13, 2026, at which time the immigration judge concluded petitioner was a flight risk and denied petitioner bond.   (*Id.*, ECF No. 8–1 p. 2.)

    5.    Petitioner filed a letter alleging that he was denied due process during the hearing.   (*Id.*, ECF No. 7.)   I concluded that his arguments were "challenges to the immigration judge's credibility determination and weighing of the evidence, which are discretionary determinations beyond this Court's review."   (*Id.*, ECF No. 12 (citing 8 U.S.C. §1226(e).)   The matter was closed on February 3, 2026.   (*Id.*)

6. The Second Petition followed on May 18, 2026. (ECF No. 1.) Petitioner argues that the immigration court did not provide him with adequate process during his bond hearing. (*Id.* pp. 10, 11.) He further asserts that his detention has become unduly prolonged and violates his due process rights. (*Id.* pp. 12, 15, 18.)

7. Respondents oppose the Second Petition. (ECF No. 5.)

8. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

9. Petitioner had a bond hearing on January 13, 2026 and challenged the fairness of that hearing in the First Petition proceedings. (First Petition, ECF Nos. 8–1, 7.) I considered petitioner's arguments and the transcript of the bond hearing and concluded that the arguments only challenged the immigration court's discretionary decisions. (*Id.*, ECF No. 12.) Petitioner's current claim challenging the fairness of the hearing is duplicative and will be dismissed.

10. As to his challenges to his detention, "[r]espondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, No. 26–cv–01689, __ F. Supp. 3d __, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026).

11. "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ." *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018). Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'" *Zheng*, 2026 WL 800203, at *3 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)). "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well." *Id.* at *4.

12. Petitioner has been detained for approximately six months, but duration alone cannot "sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations." *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 277 (3d Cir. 2018). "Unlike § 1226(c) detainees ... who were detained for prolonged periods without being given any opportunity to apply for release on bond, [petitioner] was granted meaningful process prior to filing his habeas petition." *Id.* at 279–80.

13.   "The Third Circuit recognized the concern that, despite an initial bond hearing, detention under § 1226(a) might become unreasonably prolonged and may warrant relief beyond the bond hearing provided by the statute and its implementing regulations." *Chinoso Onuwa v. Field Office Director*, No. 26–cv–02403, 2026 WL 772435, at *2 (D.N.J. Mar. 19, 2026) (cleaned up) (citing *Borbot*, 906 F.3d at 280).   However, it declined to decide what those circumstances may be.   *Id.*

14.   "Here, Petitioner has been detained for significantly less time than the petitioner in *Borbot*, who had been detained for two years before filing his petition.   He also had a bond hearing a few months ago.   Petitioner's 'relatively brief detention since that date without a bond hearing does not violate his due process rights.'" *Guillen v. Soto*, No. 26–cv–03285, 2026 WL 1005326, at *3 (D.N.J. Apr. 14, 2026) (quoting *Viantsko v. Lowe*, No. 4:26–cv–00563, 2026 WL 963038, at *4 (M.D. Pa. Apr. 9, 2026)).[1]

Accordingly,

**IT IS** on this   **9th** day of **June 2026**   **ORDERED** that:

1.   Petitioner's § 2241 Petition is **DENIED**.

2.   Any restrictions imposed on petitioner's location are **LIFTED**.

3.   The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

---

[1] I note that § 1226(a) detainees are entitled to request a custody redetermination from the immigration courts upon a showing of changed circumstances.   8 C.F.R. § 1003.19(e).

3